Archibald C. Wemple, J.
This appeal was argued on July 7, 1959. A brief was filed by Joseph A. Cafarella, Esq., representing the complainant. No brief has been received to date from the defendant’s counsel.
*1003 It is notable that this appeal involves a conviction of the defendant as being a disorderly person in that the defendant was charged with failing to support his wife. On the argument the defendant claimed that there was reversible error in that neither the District Attorney nor the counsel representing the complainant opened the case and that this was a matter which could not be waived. The defendant’s counsel also argued that there was insufficient proof to substantiate the decision of the learned Justice of the Peace.
On the other hand, the counsel for the complainant argued that the matter of opening a case applied only to jury cases. He also argued that the defendant committed acts substantiating disorderly conduct.
The District Attorney took the position that this was essentially a civil matter and maintained a neutral stance.
As noted above, the defendant’s counsel has not filed a memorandum of law within the time specified at the time the appeal was argued, nor to the time this decision was made.
On September 10, 1959 the complainant’s counsel, Edward M. Segal, Esq., representing the complainant, and "W. Albert De Matteo, Esq., representing the District Attorney’s office, appeared in open court. Mr. Grasso, attorney for the defendant, was not present. Mr. Segal informed this court on the record that a Supreme Court Justice had recently awarded the complainant wife alimony and counsel fees, and that, by reason thereof, the disorderly person charge against the defendant, which is the subject of this appeal, must be dismissed. Mr. De Matteo, representing the People, concurred in the statement and joined in the request for dismissal.
This court has carefully reviewed the testimony taken in the court below, the brief filed, and papers and argument on this appeal. However, the decision herein is not based upon the facts, law. or issues raised on this appeal, but rather upon the disposition of the support question in a matrimonial action or proceeding in the Supreme Court.
Prom the above it appears that the order of the Supreme Court Justice was made recently and some time after the argument of the appeal herein. It follows that the order of the Supreme Court on the question of support supersedes or supplants the action of the court below. Since the gravamen of the charge against the defendant as being a disorderly person rests upon his alleged failure to provide support for his wife, and since the Supreme Court order, according to complainant’s counsel, provides for support for the period covered in the *1004 decision of the learned Justice of the Peace Ostrander, the charge against the defendant herein is properly dismissed.
Accordingly, the order of April 27, 1959 is reversed and defendant is relieved of all obligations for support or security thereunder. Enter order.